The opinion of the Court was delivered by
Johnston, Ch.
It is not deemed necessary to make any observations, except on the fourth ground of appeal.
It may be admitted as a general principle, that in the absence of other testamentary disposition, a legacy directed to be raised out of the rents and profits of land, sinks in favor of the heir into the land when the legacy lapses by the death of the legatee.
The legacy to which this ground was intended to apply, has been explained, in argument, to mean the legacy of part of the income of the plantation and slaves (not income of *550 land, by the by, but of a mixed property,) to Robert Hayne Cheves, anterior to the year 1860. By the first clause of the will the trustees are directed to pay the sum of $3,500 to this legatee yearly, until 1860. inclusive, and in the meantime to keep up, by purchase if necessary, the number of slaves which might be on the place at testator’s death, and keep up the machines ; and then to pay the remainder of the proceeds and profits of the plantation and slaves, to testator’s daughters Mrs. Haskell, Mrs. McCord and Mrs. Huger, and their issue, according to the terms of their marriage settlements. In the opinion of the Court this is a good bequest to the daughters of the profits of the land,, subject only to so much as might have been employed for the other purposes indicated in the clause; and that the death of Robert Hayne Cheves, by which his legacy lapsed, only removed an incumbrance out of the way of the daughters.
By a subsequent clause the testator gave to the «ame son $5,000, out of the profits of 1860, to provide for the expenses ofthe year 1861. Then he gave the rest, residue andremainder of his estate, real and personal, or in action, to the same daughters and their issue, upon the same terms. This legacy, it is conceived, lapsed into and passed under the residuary clause, as might also have been affirmed of the annuity of $3,500, had there not been a provision in the will for the residue of that special fund.
It is ordered that the appeal be dismissed, and the decree, affirmed.
Dunkin and Wardlaw, CC., concurred.

Appeal dismissed.